A92A0506. NANCE v. THE STATE.
(420 SE2d 348)

BIRDSONG, Presiding Judge.

Beverly June Nance appeals her conviction for criminal attempt to violate the Georgia Controlled Substances Act by purchasing crack cocaine during a police "sting" operation. She contends the trial court prejudiced the testimony of a defense witness by stating, in the presence of the jury, that the witness was making false statements.

The transcript shows the matter Nance complains of occurred during the testimony of her brother, who was arrested with her during the sting operation, was charged with the same offense, and subsequently pleaded guilty in return for first offender treatment. Nevertheless, during Nance's trial, her brother's testimony directly contradicted his sworn testimony during his guilty plea and supported her contention that they were innocently in the neighborhood and did not attempt to purchase any crack cocaine. Although Nance was arrested immediately after attempting to buy the fake cocaine, the fake drug was not found; although the policeman who purportedly sold Nance the fake cocaine wore a recording device, no tape of the conversation was made.

The transcript shows the following colloquy during the brother's cross-examination: "WITNESS: . . . [My defense counsel] spoke to me five minutes prior to the Judge making this deal. COURT: I want to correct you. The Court hadn't made any deal. WITNESS: Well, it's plea bargaining — COURT: Don't say things on the record in this case about this court that aren't true. I haven't made any deal with you or anybody else and that terminates this conversation. WITNESS: I'm saying deal; I meant plea bargaining or whatever they call it. COURT: This conversation is terminated. WITNESS: Fine, sir. COURT: Don't imply that this court has made a deal with anybody because that's not true. Under oath or not, that's not true."

Nance promptly moved for a mistrial because "the communica-

tion, though understandable, between yourself and the witness, has, in the presence of the jury, unduly tainted them and I don't think we can get a fair trial at this point." The motion was denied and the jury was given no instructions about the matter at this time, but during the general charge the court gave this instruction: "By no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of the defendant." *Held*:

Questions of credibility are for the jury to decide (OCGA § 24-9-80), and OCGA § 17-8-57 prohibits judges in criminal cases from expressing or intimating their opinion on what has or has not been proven, and mandates reversal for any violation of the Code section. The trial judge's comments were limited in their scope and did not in fact disparage the witness' credibility in general or his credibility with regard to any fact at issue in the trial or with regard to the guilt or innocence of appellant, nor did they tend to leave the jury with the impression that the witness supporting appellant's story had lied under oath. In this instance, the witness impugned the integrity of the court and the trial judge had the right and obligation to protect the court's integrity. Further, neither the comments of the witness nor those of the trial court were directed toward a material issue or the relevant evidence in the case. See *Dixon v. State*, 196 Ga. App. 15, 18-19 (395 SE2d 577). And the trial judge gave the curative instructions stated above; this effectively cured any possible misimpression given by the court's correction of the witness' statement that the court had made "a deal." The jury therefore could not reasonably conclude the court had in fact expressed an opinion as to the credibility of the witness or as to any issue relevant to appellant's guilt or innocence. Moreover, OCGA § 17-8-57 is violated when the trial court intimates to the jury "what the judge believes the evidence to be." (Citation and punctuation omitted.) *Williams v. State*, 257 Ga. 788, 789 (364 SE2d 569)

In this instance, the trial judge was simply assuring that there was no confusion about whether the court made a deal with the witness. In this regard, the record shows that a State's exhibit used to impeach Nance's brother's testimony shows the following: "I am informed that [the trial judge in this case], an assistant district attorney, and my attorney have discussed this case and that, if I plead guilty, I will receive the following sentence: 4 years probation, 1st off. probation, $500 fine, $15/month probation fee, $300 att. fee restitution." Clearly the trial judge made no deal with the witness, and it was necessary for the trial judge to assure that the jury was not confused.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 24, 1992.

*Terry L. Shaw*, for appellant.
*Robert E. Keller*, District Attorney, *Gregory K. Hecht*, Assistant District Attorney, for appellee.