A95A0754. CHAPMAN v. THE STATE.
(457 SE2d 206)

JOHNSON, Judge.
Stephen W. Chapman appeals from his convictions of armed robbery and possession of a firearm during commission of a felony and from the denial of his motion for new trial.

1. Chapman asserts that the trial court erred in refusing to grant a mistrial following an impermissible comment on the evidence made by the court. A review of the salient portion of the transcript reveals that the state was attempting to elicit testimony from a police officer regarding the victim's identification of Chapman in a photographic lineup. When Chapman objected to the testimony asserting no proper foundation had been laid for the admission of the testimony, the court asked: "Well, hasn't there been positive identification?" The

prosecutor immediately responded there had been a positive identification. Chapman then asked that the jury be removed from the courtroom and moved for a mistrial claiming that the judge had improperly commented on the evidence in front of the jury.

It is improper for any judge to express or suggest his opinion regarding what has or has not been established or his opinion as to the guilt or innocence of the accused. OCGA § 17-8-57. The comments of the judge, compounded by the eager response by the state, clearly left the jury with the impression that Chapman had been positively identified as the perpetrator of the crimes charged. Because misidentification and alibi were Chapman's sole defenses, the comments directly addressed a material issue in the case.

We raise, but do not reach, the issue of whether curative instructions given to the jury by the court can avoid the harsh mandate of a new trial contemplated by OCGA § 17-8-57. See *Nance v. State*, 204 Ga. App. 653, 654 (420 SE2d 348) (1992) and *Black v. State*, 199 Ga. App. 819, 821 (406 SE2d 258) (1991) (Judge Beasley concurring specially), which imply but do not hold curative instructions may be sufficient; but also see *Allen v. State*, 194 Ga. 178, 184 (2) (21 SE2d 73) (1942), in which the Supreme Court suggests any attempt by the trial judge to cure in such a situation would be unavailing. The curative instructions given to the jury in this case simply stated that any comment made by the court regarding the evidence does not mean that such evidence does or does not exist, and to disregard what the court said. This overly general curative instruction was not tailored to the specific events which had just transpired, did not refer to any particular comment made by the court and gave the jury no real guidance as to what it was to disregard. Therefore the instructions were insufficient as a matter of law.

The court's comment regarding evidence of a positive identification of Chapman, a disputed issue central to his defense, constituted harmful error and deprived Chapman of his constitutional right to have his case considered by a fair and impartial jury. The statute mandates a new trial, and he shall have one. See *Allen v. State*, supra; *Demonia v. State*, 69 Ga. App. 862 (27 SE2d 101) (1943).

2. Chapman asserts that the trial court erred in refusing to grant his motion for mistrial when a police officer testified he was assigned to follow-up on a domestic violence in reference to Chapman, impermissibly placing his character into evidence. A passing reference to a defendant's record does not place his character in evidence. *Zellner v. State*, 260 Ga. 749, 751 (3) (399 SE2d 206) (1991). Here the police officer commented that he was *investigating* a claim. He did not say Chapman had been previously arrested or that he had a record of any kind. The trial court's refusal to grant a mistrial on this ground was not error.

3. There is no merit to Chapman's contention that the court erred in admitting two photographs into evidence because the witness testified that the photos looked "a bit different" from the scene, thereby failing to establish a proper foundation that the photos were fair and accurate depictions of the scene. "The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused." (Citations and punctuation omitted.) *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 638-639 (6) (399 SE2d 538) (1990). The witness' testimony that the photographs were a bit different implies the converse, that is, that the photographs to a larger degree were the same as the scene as he remembered it. "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." (Citation and punctuation omitted.) *McCoy v. State*, 190 Ga. App. 258, 262 (6) (a) (378 SE2d 888) (1989). The trial court did not abuse its discretion in finding an adequate foundation had been established.

Chapman also asserts that the photographs should have been excluded because the state failed to establish a chain of custody with respect to the photographs. This argument is without merit. *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316) (1989).

Finally, Chapman argues that the admission into evidence of two articles of his clothing was error because they were not relevant. "[T]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citations and punctuation omitted.) *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604 (4) (431 SE2d 383) (1993). It was suggested that the clothing admitted into evidence was the clothing Chapman had been wearing on the day of the robbery. To the extent the clothing matched or failed to match the descriptions given by the victims in the case, the clothing was relevant. We see no error in the trial court's decision to admit the clothing.

4. Chapman's challenges to the sufficiency of the evidence, both with regard to the denial of his motion for a directed verdict and the denial of his motion for new trial, need not be considered in light of our ruling in Division 1.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 24, 1995 —
RECONSIDERATION DENIED APRIL 10, 1995.

*David E. Perry,* for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney,* for appellee.