## A96A0908. REDD v. THE STATE.
(474 SE2d 651)

Judge Harold R. Banke.

Ronnie Lamont Redd was convicted of armed robbery (OCGA § 16-8-41) and sentenced to 20 years in prison. The State's chief witness, a convenience store cashier, identified Redd as the man who entered his establishment, pointed a gun at him, and demanded the "tens and twenties" from the cash register. The trial court denied Redd's motion for new trial, and he appeals. *Held*:

1. Redd claims the trial court erred by denying his motion for a continuance to secure an alibi witness who did not appear for trial. His attorney stated he delivered to the sheriff's office three subpoenas for service on three alibi witnesses. Two of those witnesses appeared for trial and testified, even though they apparently did not receive the subpoenas. Redd does not claim the sheriff's office failed to exercise due diligence in serving the subpoena on the missing witness. See *Shaw v. State*, 163 Ga. App. 615, 618 (2) (294 SE2d 676) (1982) (right to compulsory process does not guarantee service of subpoena), rev'd on other grounds, 251 Ga. 109 (303 SE2d 448) (1983). Because Redd did not show that the witness had been subpoenaed, that she lived within 100 miles of the court, or that he expected to procure her testimony at the next term of court, as required by OCGA § 17-8-25, we cannot say the trial court abused its discretion in denying the motion for continuance. *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250) (1986).

2. Redd also complains his character was improperly injected into the trial through the testimony of the convenience store cashier. The cashier testified he had seen Redd in the store the night before the robbery and explained that a co-worker asked Redd and his companion to leave the store. The State then asked, "And [the co-worker] told them to leave the store?" The witness replied, "Yes, because he didn't want them shoplifting in there." Redd moved for a mistrial, which the trial court denied. We find no error. "A passing reference to a defendant's record does not place his character in evidence. [Cit.]" *Chapman v. State*, 217 Ga. App. 264, 265 (2) (457 SE2d 206) (1995). This unsolicited comment explained the cashier's reason for remembering Redd's prior visit to the store. Although the statement showed the co-worker was suspicious of Redd or his companion, the witness did not impugn Redd's character because nothing he said indicated Redd had a criminal record or had ever been arrested for shoplifting. Id. See *Cook v. State*, 162 Ga. App. 778, 779 (2) (293 SE2d 46) (1982).

3. Finally, Redd contends he was improperly denied counsel at a preliminary hearing. He has not provided us with a transcript of that hearing. Assuming such a hearing was held, Redd has provided us with no evidence that his failure to be supplied with counsel at that

hearing contributed to his conviction. Any error in denying him counsel at a preliminary hearing was, therefore, harmless error as a matter of law. *Tarpkin v. State*, 236 Ga. 67 (1) (222 SE2d 364) (1976); *Henderson v. State*, 204 Ga. App. 884, 888 (5) (420 SE2d 813) (1992).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 6, 1996 —
RECONSIDERATION DISMISSED AUGUST 23, 1996.

*Hunnicutt & Samper, Ricardo G. Samper*, for appellant.
Ronnie L. Redd, *pro se.*
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.