## A96A2365. PETTIS v. THE STATE.
(479 SE2d 460)

BLACKBURN, Judge.

Patrick Lamont Pettis appeals his conviction of armed robbery, raising the sufficiency of evidence and challenging several of the trial court's evidentiary rulings. Because Pettis raises no reversible error, we affirm the conviction.

On January 4, 1994, Pettis and another young man walked into Little Caesar's Pizza in Stockbridge around 8:20 p.m. The second man, wearing a brown jacket, ordered pizza while Pettis, in a black hat and black "White Sox" jacket, paced nervously. When the cashier opened the register, Pettis pulled a pistol, pointed it at her, and demanded money. After taking approximately $300 from the register, the men left the store. In court, the cashier identified Pettis as her assailant.

Pettis claimed he was nowhere in the vicinity of the pizza store that night, but was with his mother and brother. On cross-examination and in rebuttal, the State showed Pettis had given a dif-

ferent story to police when he was arrested. Although Pettis' mother and brother supported his alibi, the prosecutor showed that both witnesses had criminal records. Other witnesses who had seen Pettis before and after the crime stated they did not know his whereabouts at the time of the robbery.

1. The evidence, viewed in a light most favorable to the verdict, supported the jury's finding that Pettis committed this armed robbery beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Four of Pettis' enumerations challenge the State's introduction of evidence relating to his activities the night before the armed robbery. Pettis was charged with entering an automobile in the parking lot of Olympia Pizza the evening of January 3, 1994, but the trial court severed trial of that offense from trial of the armed robbery. However, the court did permit the State to introduce evidence related to the January 3, 1994, offense in the armed robbery trial. Evidence was introduced that the night before the robbery, Pettis was seen in the Olympia Pizza parking lot wearing a brown jacket similar to the one worn in the robbery by his cohort. Olympia is a short distance from Little Caesar's. When spotted at Olympia Pizza, Pettis was accompanied by another man wearing a black Chicago White Sox jacket, and the two men left Olympia in an orange Volkswagen Beetle. The jury also heard that the same night, an Olympia Pizza employee found a pager in the parking lot. Pettis later claimed this was his lost pager, and he retrieved it from another business in the same shopping center as Olympia. When he was arrested, Pettis was driving an orange Volkswagen Beetle.

Considering the similarity in dress of Pettis and his companion the night of January 3, 1994, and the dress of the armed robbers, as well as the evidence of Pettis' presence in the area of the armed robbery the night before it occurred, the trial court did not err in admitting this evidence to show the identity of the armed robber. "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. . . . Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors." (Citations and punctuation omitted.) *Moclaire v. State*, 215 Ga. App. 360, 365 (7) (451 SE2d 68) (1994). See also *Anderson v. State*, 200 Ga. App. 29, 30 (3) (406 SE2d 791) (1991) (testimony material to show defendant's clothing); *King v. State*, 195 Ga. App. 865 (3) (395 SE2d 1) (1990) (testimony relevant to show defendant's presence at scene shortly before crime).

Pettis also claims this evidence impugned his character, as it allowed the jury to infer that he must have been doing something

wrong at Olympia Pizza the night before the armed robbery. A review of the record, however, reveals no testimony linking Pettis' activities of January 3, 1994, to any crime that evening. Even if the jury could infer from the testimony that Pettis had trouble with the law as a result of his activities in the Olympia Pizza parking lot, the testimony did not improperly place his character in evidence. This case is similar to *Norman v. State*, 212 Ga. App. 105, 106 (1) (441 SE2d 94) (1994), in which we found that similar testimony did not impugn the defendant's character and further stated, "[m]oreover, even if the jury could infer from the [testimony] that defendant had a prior brush with the law, it did not improperly place his character in evidence." See also *Bennett v. State*, 177 Ga. App. 643 (340 SE2d 273) (1986) (relevant evidence which minimally places character in evidence is admissible where relevance outweighs prejudice).

3. Pettis asserts error in the court's instruction that his counsel cease objecting to evidence of his activities the night before the armed robbery. Although a trial court should allow a party to make sufficient objection to preserve the appellate record, Pettis does not show how this claimed error harmed him. See *Gregg v. State*, 216 Ga. App. 135, 137 (453 SE2d 499) (1995) (error and harm must be shown to warrant reversal of criminal conviction). In light of our holding in Division 2, we find no harmful error requiring reversal.

4. Pettis claims the court improperly allowed the State to ask a defense alibi witness to speculate as to Pettis' activities at 8:30 p.m. the night of the armed robbery. The transcript shows the prosecutor was demonstrating that this witness did not know Pettis' whereabouts at the time of the robbery. Even assuming the question was error, it is highly probable that it did not contribute to the verdict. See *Pardo v. State*, 215 Ga. App. 317 (2) (450 SE2d 440) (1994).

5. Pettis claims the trial court erred by allowing the State to question him on his whereabouts the night before the armed robbery. The trial court did not abuse its discretion in allowing the State to cross-examine Pettis on this issue, as it had previously ruled his whereabouts on that date to be relevant. See Division 2. Furthermore, Pettis attempted to attribute inconsistencies in his statements to his having "mixed up" dates, and the trial court properly allowed the State to examine him concerning his activities the week of the robbery and his inconsistent statements concerning those activities. See *Nuckles v. State*, 207 Ga. App. 63, 64 (2) (427 SE2d 54) (1993) (scope of cross-examination is within trial court's discretion).

6. In Pettis' remaining enumeration of error, he claims the trial court erred by allowing the State to imply he had tried to avoid the police because he knew a warrant had been issued for his arrest. Because Pettis made no objection to this evidence at trial, he has waived any error and may not raise this issue on appeal. See *Far-

*gason v. State*, 266 Ga. 463, 464 (2) (467 SE2d 551) (1996); *Mobley v. State*, 218 Ga. App. 739, 741 (3) (463 SE2d 166) (1995).
    *Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 17, 1996 —

*Edea M. Caldwell*, for appellant.
    *Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant District Attorney*, for appellee.