## A98A0892. POSTELL v. THE STATE.
### (505 SE2d 782)

JOHNSON, Presiding Judge.

Timothy Postell was tried by a jury on charges of shoplifting and aggravated assault. The jury found him guilty of shoplifting but was unable to reach a verdict on the aggravated assault charge. The trial court entered a judgment of conviction as to shoplifting and declared a mistrial as to aggravated assault.

1. In two enumerations, Postell claims the trial court erred in denying his motion for directed verdict of acquittal as to aggravated assault because the state did not prove the elements of the offense beyond a reasonable doubt.

Ordinarily, neither the grant of a mistrial nor the denial of a motion for directed verdict of acquittal is directly appealable. See

---

*McCuen v. State*, 191 Ga. App. 645 (382 SE2d 422) (1989); *Phillips v. State*, 153 Ga. App. 410 (265 SE2d 293) (1980). However, the issue raised in these enumerations is tied to a directly appealable judgment of conviction and is appealable pursuant to OCGA § 5-6-34 (d).

A motion for directed verdict of acquittal in a criminal case should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law; a challenge to the sufficiency of the evidence in connection with the denial of a directed verdict of acquittal is evaluated based on the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *King v. State*, 230 Ga. App. 301, 305 (3) (496 SE2d 312) (1998). Viewed in the light most favorable to the prosecution, the evidence shows: A grocery store manager noticed Postell putting cartons of cigarettes into his pants. The manager and two other employees confronted him. Postell grabbed a 12-inch packaged knife from a display shelf, unwrapped it, and came toward the employees with the knife. Postell came within arm's reach of one of the employees, pointing the knife and making jabbing motions. The employees backed away from him. Postell fled from the store and was apprehended shortly thereafter. There was more than sufficient evidence to withstand Postell's motion for directed verdict. A rational trier of fact was authorized to find him guilty of aggravated assault beyond a reasonable doubt. See *Jackson v. Virginia*, supra; *Slade v. State*, 267 Ga. 868, 869 (1) (485 SE2d 726) (1997).

2. Postell contends the trial court permitted his character to be improperly injected into the trial. Specifically, he complains of a store employee's testimony that Postell was acting "unusual" and another employee's testimony that Postell "looked kind of suspicious." We do not agree that either remark impugned Postell's character. See generally *Pettis v. State*, 224 Ga. App. 77, 78-79 (2) (479 SE2d 460) (1996); *Redd v. State*, 222 Ga. App. 595 (2) (474 SE2d 651) (1996). Moreover, Postell made no objection to the testimony at trial and did not preserve the argument for review on appeal. *Thomas v. State*, 224 Ga. App. 816, 818 (4) (482 SE2d 472) (1997).

3. Postell claims the trial court erred in sentencing him as a recidivist because the state failed to show that his prior guilty pleas were made freely and voluntarily. When the state proffered at the sentencing hearing certified copies of Postell's three prior shoplifting convictions, Postell stated that "any pleas must be freely and voluntarily entered and it's the State's burden to show that they were so done." The trial judge replied that two of the pleas were taken in front of him and the third was taken in front of another judge, and that the court always inquires into the voluntariness of pleas before taking them. On that basis, the trial court found that the pleas were freely and voluntarily given. Postell excepted to the ruling based on

the lack of evidence showing the pleas were made freely and voluntarily.

"A plea of guilty that is invalid under *Boykin* [*v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)] may not be used to enhance punishment in a subsequent trial. . . . [O]nce the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver. . . . Presuming waiver from a silent record is impermissible." (Citations and punctuation omitted.) *Pope v. State*, 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986); see *Dowdy v. State*, 209 Ga. App. 95, 96 (3) (432 SE2d 827) (1993).

The copies of the plea documents show that Postell was represented by counsel, but the record is otherwise devoid of any evidence that the pleas were free and voluntary. Under these circumstances, the trial court erred in admitting the pleas in evidence over Postell's objection. See *Pope*, supra (plea documents showing defendant was represented by counsel not sufficient to show pleas intelligent and voluntary); *Gadson v. State*, 197 Ga. App. 315, 317 (4) (398 SE2d 409) (1990) (certified documents showing guilty pleas but not showing defendant was advised of rights do not satisfy state's burden of proving pleas freely and voluntarily made). Compare *Jones v. State*, 161 Ga. App. 620, 623 (4) (288 SE2d 795) (1982) (showing by state sufficient where guilty plea documents affirmatively stated defendant was represented by attorney in good standing and was advised by the court of constitutional rights); and compare *Miller v. State*, 214 Ga. App. 393, 394 (2) (448 SE2d 20) (1994) (record introduced on prior charge showed defendant entered plea freely and voluntarily). Accordingly, the sentence must be vacated and the case remanded for hearing on this issue and resentencing.

*Judgment of conviction affirmed; sentence vacated and case remanded. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 10, 1998.

*Donald L. Lambert*, for appellant.
*John R. Parks, District Attorney*, for appellee.

