A99A1077. POSTELL v. THE STATE.
(517 SE2d 789)

BLACKBURN, Presiding Judge.

This is the second appearance of this case before us. In *Postell v. State*, 233 Ga. App. 800 (505 SE2d 782) (1998), Timothy Postell's conviction of shoplifting was affirmed, his sentence was vacated, and the case remanded for a hearing to determine whether Postell's prior guilty pleas, used to sentence him as a recidivist, were made freely and voluntarily. Id. at 801-802 (3). Postell, pro se, now appeals his new sentence after the trial court determined that his previous guilty pleas were freely and voluntarily given.

1. Postell contends that a typographical error on the indictment which listed one of his previous convictions as Case No. 93-R-346 rather than Case No. 93-R-345 precludes consideration of such conviction for recidivist sentencing. However, this issue was one which could have been raised in his earlier appeal and was not. This case was remanded for a determination on the sole issue of whether Pos-

tell's previous guilty pleas were given freely and voluntarily. Therefore, that is the issue which is presently before us.

2.

> A plea of guilty that is invalid under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) may not be used to enhance punishment in a subsequent trial. Once the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver. Presuming waiver from a silent record is impermissible.

(Punctuation omitted.) *Postell*, supra at 802.

In the present case, the State introduced waiver of rights forms in connection with each prior guilty plea. On the forms, Postell indicated that he was represented by a lawyer. He also indicated that he understood that he was waiving: (1) his privilege against compulsory self-incrimination, (2) his right to a trial by jury, and (3) the right to confront his accusers and to cross-examine them. Postell further responded negatively when asked whether his attorney, the district attorney, or anyone else had promised him anything or threatened him in any way in return for the guilty plea. He also testified at the hearing that he understood he was waiving his rights. Therefore, the trial court did not err in finding that Postell's previous guilty pleas were given freely and voluntarily. See *Jones v. State*, 161 Ga. App. 620, 623 (4) (288 SE2d 795) (1982) (showing by State sufficient where guilty plea documents affirmatively state defendant was represented by counsel and was advised of constitutional rights).

3. Postell's third enumeration of error regarding the county probation office's use of the word "recidivist" is without merit.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 12, 1999.

Timothy Postell, *pro se*.
*John R. Parks, District Attorney*, for appellee.