A99A0944. BACON v. THE STATE.
A99A0945. WRIGHT v. THE STATE.
(521 SE2d 695)

SMITH, Judge.

Antonio Bacon and James Wright were convicted on charges of armed robbery, kidnapping, possession of a firearm during the commission of a crime, and obstruction of an officer. Bacon was also convicted of possession of a firearm by a convicted felon. Their motions for new trial were denied, and they appeal. Finding no reversible error, we affirm.

1. Wright challenges the sufficiency of the evidence. Evidence was presented that on December 2, 1996, the victim visited a liquor store with a friend, Darrell Wilcox. The victim went inside the store, and when he returned outside, he saw Wilcox talking with Wright and Bacon. The victim entered a van previously driven by Wilcox, along with Bacon and Wright. Bacon drove the van away from the store, and a short time later, Wright pointed a gun to the victim's head and told him to give him his money. The victim felt the barrel of the gun on the back of his head. Wright and Bacon took $96 or $97 from the victim. He testified that Bacon and Wright threatened to shoot him because they knew he had more money, and he told them that he had more money at his home. They went inside the victim's home, and the victim's mother woke up to voices in her hallway. She testified only that she saw someone running down the stairs after she awoke. The victim testified that three days later, Wright drove by his house in a "white Bonneville — Parisian" and asked if he wanted his money back. The victim's mother testified that two men drove by in a white car and asked the victim whether he wanted his money back.

Evidence was also presented that several days after the incident, the victim accompanied Wright and Bacon to a funeral home for the purpose of the victim's signing a document before a notary public. The notary refused to notarize the document, however, because of written errors in the document, and the three men returned approximately two and one-half hours later to the funeral home. At that time, the victim signed before the notary public a statement written by himself. Although the original document was not introduced by either defendant at trial, and the trial court refused to admit a photocopy of this document, the victim acknowledged on cross-examination that he wrote and signed the statement, which recited that Bacon and Wright "had nothing to do with any incident that occurred on Monday, December the 2d, 1996." He testified that he signed the document because he was "scared." He also testified that in the two and one-half hour interim between the two visits to the funeral home, he neither called the police nor told anyone about the docu-

ment, because he was frightened.

We must review Wright's "challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), construing the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict." *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997). Although it is undisputed that the victim wrote and signed a statement, before a notary, reciting that Wright and Bacon were not involved in the incident at issue, a reasonable inference from the evidence is that he was frightened. Despite this statement, then, the evidence was sufficient to enable a rational trier of fact to find Wright guilty beyond a reasonable doubt under the standard of *Jackson*, supra.

2. Both Wright and Bacon argue that the trial court erroneously refused to admit a photocopy of the statement written and signed by the victim before the notary public. The trial court would not admit the photocopy into evidence under the best evidence rule, stating that "if the contents of the document are disputed, the original has to be produced or its whereabouts accounted for, for it to be admitted." Bacon argues that the best evidence rule is inapplicable in this case because there is no dispute concerning the contents of the document, and Wright argues that the document should have been admitted for impeachment purposes.

We agree that the best evidence rule does not apply in this case, for it does not appear that the contents of the writing were disputed at trial. See *King v. State*, 209 Ga. App. 529, 530 (2) (a) (433 SE2d 722) (1993).[1] But to warrant reversal, harm as well as error must be shown. See, e.g., *Pettis v. State*, 224 Ga. App. 77, 79 (3) (479 SE2d 460) (1996). Here, the victim candidly admitted writing and signing the statement, the contents of the statement were presented to the jury by virtue of the victim's testimony, and each defendant was given full opportunity to cross-examine the victim and to use the statement to impeach him. Although, as pointed out by Bacon, the jury did ask to review the notarized note, we cannot agree with either Bacon or Wright under these circumstances that they were harmed by the trial court's refusal to allow a photocopy of the statement to be admitted into evidence. See generally *Duckworth v. State*, 268 Ga. 566, 569-570 (492 SE2d 201) (1997).

3. Bacon contends the trial court erred in denying his motion for a continuance to allow additional time to secure the presence of a

---

[1] We note that the sole *defense* witness testified that the original document was at his home. Consequently, if the best evidence rule were applicable to this case, it is questionable whether Bacon and Wright would be able to show that the writing had been "satisfactorily accounted for" under OCGA § 24-5-4.

potential witness. But Bacon failed to meet all requirements of OCGA § 17-8-25. He failed to show, for example, that the witness lived within 100 miles from the place of trial, that he expected that he would procure the witness's testimony at the next term of court, or that the application was not made for the purpose of delay. The trial court therefore did not abuse its discretion in denying the motion for continuance.

4. Bacon complains that the trial court erroneously overruled his hearsay objection to the testimony of an investigating officer concerning statements made by the victim to the officer. Detective Robert Larry with the Savannah Police Department testified that he investigated the report made by the victim. After acknowledging that the victim failed to mention anything about the notarized statement he wrote and signed until after Wright and Bacon were arrested, Larry testified that he spoke with the victim from time to time during the course of his investigation. He stated that during their conversations, the victim was afraid and would ask whether he had caught the men who robbed him. Larry also stated that the victim told him that the men had driven a white Pontiac Parisian to his residence, had asked whether he wanted his money back, and had laughed at him and driven off. The victim told Larry that "he tried to ignore them because his mother was there."

Bacon argues that Larry's testimony was not offered for the purpose of explaining his conduct and therefore was inadmissible hearsay. Even assuming, without deciding, that this is so, we find no reversible error in the admission of this testimony. It was merely cumulative of other evidence properly admitted at trial. See *Smith v. State*, 266 Ga. 827, 831 (470 SE2d 674) (1996); *King*, supra at 530 (1).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 18, 1999 —
RECONSIDERATION DENIED SEPTEMBER 9, 1999.

*Tom A. Edenfield*, for appellant (case no. A99A0944).

*Darden & Moyers, Richard M. Darden*, for appellant (case no. A99A0945).

*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.