## A94A0265. SIMS v. THE STATE.
### (442 SE2d 292)

McMurray, Presiding Judge.

Defendant Sims appeals his conviction of the offense of enticing a child for indecent purposes. *Held*:

1. Defendant's first enumeration of error questions the sufficiency of the evidence to authorize his conviction. The evidence stated in the light most favorable to upholding the verdict shows that defendant approached the nine-year-old female victim as she was waiting to get on a bus after school, chased her around the bus, and told her that he wanted her to go in the woods with him and conduct oral sodomy upon him. While defendant argued that there was no evidence of asportation, the requirement that this element of the crime be proven was satisfied by the evidence that defendant had chased the victim around the bus. *Morris v. State*, 179 Ga. App. 228, 229 (4) (345 SE2d 686). The evidence was sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt of enticing a child for indecent purposes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant's remaining enumeration of error complains of the admission of similar transaction evidence. The similar transaction involves a 13-year-old female who defendant approached after school, started chasing, and told to come to him. This young woman testified that she ran from defendant because she was frightened of him.

Defendant contends that the State failed to show a sufficient connection or similarity between the crime charged and the similar transaction. *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649). However, we find the two incidents to be sufficiently similar. In both incidents, defendant approached a young child on the street shortly after school hours and chased her when she withdrew. It is not necessary that the similar transaction involve conduct identical to that which is the basis of the prosecution. The test is not the number of similarities between the incidents, rather, similar transaction evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. *Everhart v. State*, 209 Ga. App. 82 (1) (432 SE2d 670); *Gearin v. State*, 208 Ga. App. 878, 882 (3) (432 SE2d 818); *Guyton v. State*, 206 Ga. App. 145, 146 (1) (424 SE2d 87); *Blige v. State*, 205 Ga. App. 133, 134 (2) (421 SE2d 547).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MARCH 11, 1994.

*Bates, Kelehear, Starr & Toland, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney*, for appellee.