## A94A2724. NESBITT v. THE STATE.
(450 SE2d 310)

McMURRAY, Presiding Judge.

Defendant Nesbitt appeals his conviction of two violations of the Georgia Controlled Substances Act, the sale of cocaine and possession with intent to distribute cocaine. *Held:*

1. Defendant enumerates as error the admission of similar transaction evidence concerning his 1989 conviction for possession of cocaine with intent to distribute. The 1989 incident occurred when defendant attempted to elude police investigating a disturbance he was causing. Defendant crashed a bicycle he was riding, was taken into custody and placed in a patrol car. The police briefly stepped away from the car to secure the bicycle and returned to find a medicine bottle, apparently containing cocaine, in the floorboard of the car.

In the case sub judice, there was an outstanding warrant for defendant's arrest arising from the sale of cocaine offense on appeal. When police spotted defendant driving in his car and making a right-hand turn without a proper signal, he was pulled over for the traffic

violation and arrested immediately when the officers confirmed their identification of him. In this present case the cocaine was found on defendant's person in a subsequent search pursuant to arrest, the cocaine being packaged in two medicine bottles in a similar fashion to the 1989 incident.

Defendant maintains that the 1989 offense and the possession of cocaine with intent to distribute charge on appeal are dissimilar because the earlier incident did not involve a traffic stop or the existence of a warrant for the arrest of defendant. However, it is not necessary that the two incidents be twins in all respects. "The test is not the number of similarities between the incidents, rather, similar transaction evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. [Cits.]" *Sims v. State*, 212 Ga. App. 426 (2) (442 SE2d 292). In the case sub judice, the 1989 incident was similar enough to demonstrate defendant's method of conducting the business of distributing cocaine. *Riden v. State*, 213 Ga. App. 17, 18 (2) (443 SE2d 865); *Summerour v. State*, 211 Ga. App. 65, 67 (3) (438 SE2d 176). There was no error in admitting the similar transaction evidence.

2. Defendant enumerates as error the denial of his motion to suppress the contraband found on his person and which serves as the basis for the possession of cocaine with intent to distribute conviction being appealed. This evidence was acquired when officers, who had been briefed on the existence of a warrant for the arrest of defendant on the charge of selling cocaine, saw defendant driving in his car and stopped him. The cocaine was found during a search incident to this arrest. "The arrest of the defendant was legal since the evidence shows that the arresting officer was acting on reliable information that a felony warrant had been issued for his arrest. [Cit.]" *Watts v. Cannon*, 224 Ga. 797, 798 (164 SE2d 780). See also *Batson v. State*, 165 Ga. App. 299 (300 SE2d 551). While the arresting officers noted on an arrest warrant that defendant was stopped for a traffic offense, failure to signal a turn, the trial court as trier of fact was authorized to reject defendant's arguments that this entry impeached the officers' assertion that they knew of the arrest warrant and that the stop was pretextual. There was no error in the denial of defendant's motion to suppress evidence.

3. Contending that he did not make a knowing and intelligent waiver of his constitutional rights, defendant maintains the trial court erred in admitting into evidence testimony concerning his custodial statement to police. At the *Jackson v. Denno* (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing, one of the officers who conducted the interview testified that he advised defendant of his constitutional rights and filled in blanks on the waiver form with defendant's re-

sponses to questions concerning educational level, knowledge of the English language, understanding of the rights explained, and choice to speak with police. The officer stated that he then asked defendant to sign the form, which he did, with the officer signing as witness. The officer further testified that defendant had an opportunity to read the form, that no force or coercion was used against defendant, that defendant did not appear to be under the influence of any drug or suffer from any mental impairment, that no hope of benefit or promise was used to induce defendant to speak, and that defendant was not deprived of any creature comfort to induce him to speak.

Defendant testified that the statement he made to police was not the same as that related by police, that he was not advised of his constitutional rights, and that he signed the waiver form without having been afforded an opportunity to read it. Defendant stated that he did not understand that the statement he made to police could be used against him.

As defendant notes in his brief, this issue comes down to the word of the defendant against the word of the investigating police officer. The determination of such questions of credibility rest with the trial court and will be upheld unless clearly erroneous. The trial court's conclusion that defendant freely and voluntarily waived his constitutional rights is supported by the State's evidence and will not be overturned on appeal. *Satterwhite v. State*, 212 Ga. App. 543 (1) (442 SE2d 5); *Ellis v. State*, 211 Ga. App. 605, 609-610 (6) (440 SE2d 235); *Baker v. State*, 211 Ga. App. 515, 516 (2) (439 SE2d 668); *Autry v. State*, 210 Ga. App. 150 (2) (435 SE2d 512).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED NOVEMBER 18, 1994.

*Lorie A. Moss*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.