## A99A1736. CUMMINGS v. THE STATE.

(530 SE2d 782)

BARNES, Judge.

Reginald M. Cummings appeals his conviction for trafficking in cocaine. He contends the trial court erred by admitting in evidence a statement he made, while in police custody but without *Miranda* warnings, that a jacket was his and also admitting in evidence the testimony of a police investigator concerning the practices of drug dealers. We affirm for the reasons stated below.

Viewed in the light most favorable to the verdict, the evidence showed that Cummings was alone in a motel room when sheriff's deputies arrived to execute a warrant to search the room for cocaine. The deputies detained Cummings in the room while they searched. They found 93 pieces of crack cocaine on and in a dresser in the room.

A black jacket was also in the room, and a deputy asked Cummings if it belonged to him. When he said that it did, the deputy searched the jacket and found another piece of crack cocaine. At the time of this questioning, the deputy believed that Cummings was in custody but testified that he did not give Cummings *Miranda* warnings because he did not question Cummings and they were not necessary. At trial, Cummings moved in limine to exclude his statement about the jacket, but the trial court denied the motion.

Because the motel room was not registered in Cummings's name, one of the deputies testified, over Cummings's objection, that in his experience it was not unusual for dealers to be found in rooms registered to others. The dealers would have users rent the rooms in their names so that in the event a search warrant was executed at the room, the dealers could say that it was not their room. The total weight of the crack cocaine found in the search was a little over 28.5 grams.

1. Cummings contends the trial court erred by allowing the deputy to testify that Cummings acknowledged ownership of the jacket because his statement was the result of custodial interrogation which was not preceded by *Miranda* warnings. We disagree.

Not all questioning constitutes interrogation for *Miranda* purposes. Routine questioning "not related to the investigation of the case nor designed, expected, or likely to elicit information relevant to

guilt" does not amount to a custodial interrogation. *Shy v. State*, 234 Ga. 816, 822 (I) (218 SE2d 599) (1975). Some initial on-the-scene inquiry is permissible before *Miranda* warnings are given if the questioning is not aimed at establishing a suspect's guilt but is instead aimed at determining the nature of the situation. *Lolley v. State*, 259 Ga. 605, 606-607 (2) (b) (385 SE2d 285) (1989). Given the circumstances of the deputy's question to Cummings, we do not find that *Miranda* warnings were required. *Futch v. State*, 145 Ga. App. 485, 488-489 (3) (243 SE2d 621) (1978). Accordingly, the trial court did not err by denying Cummings's motion. Further, because of the overwhelming evidence establishing Cummings's guilt, we find it highly probable that even if admitting the statement about the jacket was error, the error did not contribute to the judgment and that the error was harmless beyond a reasonable doubt. *McGee v. State*, 209 Ga. App. 261, 262 (1) (433 SE2d 374) (1993).

2. Cummings alleges that the trial court erred by allowing the deputy to testify about his experience regarding dealers having users rent motel rooms because this information was not relevant to the issues in the case. Questions of relevancy are generally matters within the trial court's discretion. *Sleeth v. State*, 197 Ga. App. 349, 350 (3) (398 SE2d 298) (1990). In this case, we cannot agree that this evidence was not relevant because this was a trafficking case. The testimony rebuts or explains the defense's potential argument that the room was not under Cummings's control because the room was not registered in his name. Moreover,

> the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.

(Citations and punctuation omitted.) *Dept. of Transp. v. Swanson*, 191 Ga. App. 752, 754 (3) (382 SE2d 711) (1989). Accordingly, the trial court did not abuse its discretion by denying Cummings's motion in limine.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2000.

*James P. Theodocion*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.