## S00A0037. ALLEN v. THE STATE.
(530 SE2d 186)

HUNSTEIN, Justice.

Appellant Theodore Marcel Allen was convicted of malice murder, felony murder, aggravated assault, criminal damage to property, and possession of a firearm during the commission of a crime arising

---

514

from the shooting death of Rosa Barnes and wounding of Walter Thomas.[1] Allen appeals from his convictions and we affirm.

1. The evidence presented at trial authorized the jury to find that throughout the night of the crimes, appellant and his codefendants, Lorenzo Lindsey and Terry Holmes, were driving in a white Toronado loaned to Holmes by a friend. They decided to commit a drive-by shooting and chose to make the residence of Rosa Barnes their target. Multiple gunshots were fired into the home, striking Barnes in the chest and killing her. Walter Thomas, who was outside the house, was wounded. After the shooting, Holmes attempted to dispose of the white car but got it stuck on railroad tracks where he abandoned it.

Lavert Allen, appellant's uncle, testified that Lindsey called him at 2:00 a.m. on July 11, 1997 to help him pull a stuck car. Lavert Allen further stated that he used his truck to pull out a white Riviera or Toronado, the pulling bent the car's rear bumper, and both appellant and Lindsey were present while the car was being pulled out. Later, a railroad employee saw a white car with two people inside and a bumper dragging off the back come over the railroad crossing. The abandoned car was set on fire. A witness who saw the white Toronado just before the crimes were committed identified the burned car as the one he saw on the night of the shooting. Crime scene technicians found a cartridge casing in the car which appeared to be the same type as used to shoot Barnes and Thomas. Viewed in the light most favorable to the verdict, we find the evidence was sufficient to convict appellant of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's enumerations of error concerning his motion to sever, the admission of testimony by Marcus Taylor, and the trial court's charges on the law of criminal negligence and conspiracy have been decided adversely to him. See *Holmes v. State*, 272 Ga. 517 (52 SE2d 879) (2000).

3. After appellant's arrest police conducted a search of his residence and vehicle and seized several items, including various firearms, firearm paraphernalia, a bullet-proof vest, ammunition, and marijuana, all of which the State sought to introduce at trial. A

---

[1] The crimes occurred on July 11, 1997. Allen was tried on October 21-28, 1997. He was found guilty on all counts and on November 4, 1997, he was sentenced to life imprisonment for malice murder, a consecutive twenty year sentence for aggravated assault, ten years concurrent for criminal damage to property and a consecutive five year term for firearm possession. The felony murder conviction was vacated by operation of law. See OCGA § 16-1- Allen filed a motion for new trial on December 3, 1997. His new trial motion was denied on July 6, 1999. A notice of appeal was filed on July 23, 1999. The appeal was docketed in this Court on October 21, 1999 and submitted for decision on the briefs on November 15, 1999.

trial, a police investigator described the items seized without objection from appellant or his co-defendants. Upon the State's subsequent motion to admit the seized items into evidence, the trial court admitted only the bullet-proof vest. Appellant contends the trial court erred by allowing the State to present evidence of the seized items.

We find no error in the trial court's ruling. Appellant failed to object to the investigator's testimony concerning the items seized in the search and, therefore, appellant waived any objection to the admission of this testimony. *Earnest v. State*, 262 Ga. 494 (1) (422 SE2d 188) (1992). This waiver renders meritless the error alleged concerning the trial court's failure to charge the jury to disregard this evidence and the admission of cumulative evidence, i.e., the bullet-proof vest.

4. Appellant contends his character was improperly placed in issue when the State asked him if he had a tattoo on his abdomen which read "Thug Life." The State's theory in this case was that appellant and his codefendants were members of a gang and that the drive-by shooting into the home of a rival gang member was in retaliation for a previous attack on one of their fellow gang members. Assuming, arguendo, that appellant's tattoo called his character into question, the State is authorized to present evidence of a defendant's possible motive for committing a crime, *Clark v. State*, 271 Ga. 6 (4) (515 SE2d 155) (1999), and such relevant evidence does not become inadmissible merely because it may incidentally place the defendant's character into evidence. *Mize v. State*, 269 Ga. 646 (3) (501 SE2d 219) (1998); see *Mallory v. State*, 271 Ga. 150 (6) (517 SE2d 780) (1999) (evidence of gang membership or affiliation admissible to show motive for criminal conduct).

5. During trial, the investigator who took appellant's initial statement was asked whether he obtained a subsequent statement from appellant. The investigator testified that he escorted appellant from the jail but that appellant told him he was not going to give a statement without his attorney; as they were returning to the jail, appellant then asked the investigator if they had found the rifle yet. Appellant contends the investigator's testimony constitutes an improper comment on his silence.

Appellant's challenge of the investigator's comment has not been preserved for appeal because appellant failed to object to this testimony at trial. *Earnest v. State*, supra, 262 Ga. at 495 (1). Even assuming error, however, we find the investigator's comment does not constitute reversible error. Improper reference to a defendant's silence does not automatically require reversal; the error may be found to be harmless beyond a reasonable doubt. *Hill v. State*, 250 Ga. 277 (4) (295 SE2d 518) (1982). "The determination of harmless

error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt. [Cit.]" Id. at 283 (4) (a).

We find several factors supportive of our conclusion that there was not reversible error. First, it appears from the record that the statement was inadvertent in that the investigator was merely explaining the events leading up to admissible evidence regarding appellant's unsolicited question whether police had found the rifle used in the shooting. Moreover, the prosecutor did not follow up on that portion of the investigator's statement referencing appellant's pretrial silence and made no attempt to capitalize on this issue during trial. See id. at 283 (4) (b); *United States v. Dixon*, 593 F2d 626, 630 (5th Cir. 1979). Considering these factors together with the strength of the evidence of appellant's guilt, we find the error, if any, harmless beyond a reasonable doubt. See *Hill*, supra at 284 (4) (b).

6. Appellant alleges ineffective assistance of trial counsel on several grounds. To prevail on a claim of ineffective assistance of trial counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The defendant must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different. *Cross v. State*, 271 Ga. 427 (3) (520 SE2d 457) (1999).

(a) Appellant contends trial counsel was ineffective based on his failure to object to the investigator's comment on appellant's silence. See Division 5, supra. Based on our holding that any error in the admission of the investigator's testimony was harmless, trial counsel's failure to object to this testimony constitutes neither deficient performance nor prejudice to appellant.

(b) Trial counsel's decision not to object to a witness' statement that he met appellant when he "bought weed" from him does not constitute deficient performance. Appellant's counsel testified at the motion for new trial hearing that he did not object to the witness' remark because he did not want to attract the jury's attention to it. The trial court was authorized to find that the decision not to object was reasonable trial strategy. See *Fargason v. State*, 266 Ga. 463 (2) (467 SE2d 551) (1996).

(c) Trial counsel's decision not to call appellant's father or an alleged alibi witness to testify at trial was not deficient. It is clear from the testimony of both witnesses at the motion for new trial hearing that their testimony would not have assisted appellant's defense at trial. Appellant's father admitted that although he took

responsibility for the vehicle in which the bullet-proof vest was found, the vehicle was not locked and appellant had access to the vehicle. Contrary to appellant's argument that the alleged alibi witness would have testified that appellant was with him at the time the crimes occurred, the witness admitted he was heavily sedated on the evening of the crimes and that he was unable to specifically state at what time appellant was with him. The trial court was authorized to find the decision not to call these individuals as witnesses was a reasonable defense strategy. *Dewberry v. State*, 271 Ga. 624 (2) (523 SE2d 26) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATION DENIED JUNE 30, 2000.

*Garrett & Gilliard, Kirk E. Gilliard,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General,* for appellee.

