## A00A1757. KENNEDY v. THE STATE.
(540 SE2d 229)

ANDREWS, Presiding Judge.

Tony Andrew Kennedy was found guilty by a jury of two counts of selling cocaine in violation of the Georgia Controlled Substances Act. On appeal he claims that: (1) a statement he made to police while he was in custody and was being interrogated should have been excluded by the trial court because he was not given the warnings required by *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); and (2) the trial court should have granted his motion for a mistrial when the State improperly placed his character into evidence. We find that the statement at issue was not subject to exclusion under *Miranda* because it was not obtained by interrogation but was volunteered by Kennedy, and the State did not improperly inject his character into evidence. Accordingly, we find no error and affirm the judgment of conviction entered on the guilty verdicts.

1. The State produced testimony from police officers and from an informant working for the police that Kennedy sold cocaine on two separate occasions to the informant. The State also produced evidence that Kennedy made a statement to police admitting that he sold cocaine to the informant. Kennedy testified and denied that he sold the cocaine. Viewed in the light most favorable to the jury's guilty verdicts, the evidence was sufficient for a rational trier of fact

to find that Kennedy was guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kennedy contends that the incriminating statement he gave should have been excluded because he gave it while he was in police custody and was being interrogated without the benefit of *Miranda* warnings. *Miranda* requires that, before police interrogate a suspect in custody, the suspect must be warned that: (1) the suspect has the right to remain silent; (2) the suspect's statements may be used against him at trial; (3) the suspect has the right to the presence of an attorney during questioning; and (4) if the suspect cannot afford an attorney, one will be appointed. Id. at 478-479. In the absence of these warnings, *Miranda* requires that the suspect's statements be excluded from evidence at trial unless the State can demonstrate the existence of an exception to the exclusionary rule. Id. at 479.

The evidence showed that, while Kennedy was in police custody and before he was given the *Miranda* warnings, he made a statement to police admitting he sold the cocaine. In denying Kennedy's motion to exclude the statement, the trial court determined that it was not obtained through police interrogation but was a volunteered, spontaneous statement by Kennedy. *Miranda* warnings are required to protect a suspect being interrogated in police custody. *Illinois v. Perkins*, 496 U. S. 292, 297 (110 SC 2394, 110 LE2d 243) (1990). The State is not required to show that *Miranda* warnings were given before introducing evidence of a custodial statement which was not obtained through interrogation but was volunteered by the suspect. *Miranda*, 384 U. S. at 478. Accordingly, the issue is whether the custodial statement made by Kennedy without the benefit of *Miranda* warnings was admissible as a volunteered statement or should have been excluded as a statement obtained through police interrogation.

At a pretrial hearing to determine this issue, the evidence showed that, when Kennedy was arrested at his home, he told officers at the scene that he wanted his lawyer present and that he had nothing to say. There was no evidence that Kennedy was interrogated at the scene of his arrest and no evidence that he was given *Miranda* warnings at that time or later. After Kennedy was transported to the police station, a police officer met with Kennedy in the officer's office and asked him if he wanted to make a statement. Kennedy replied that he did not want to make a statement. After the refusal, the officer did not ask any questions or make any further comments to Kennedy. At that point, the officer picked up and examined two pieces of crack cocaine that were part of the State's evidence in the case. While the officer was examining the cocaine, Kennedy stated: "[Y]eah, I sold that to [the informant], that son of a bitch. I'm not taking any rap for that trafficking. I'll plead to the two

slabs of crack, but I'm not taking the rap for trafficking."

The question presented on these facts is whether the conduct of the officer in picking up and examining the cocaine constituted interrogation of Kennedy. In *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980), the Supreme Court determined that interrogation is not limited to actual questioning of a suspect by police but includes "express questioning or its functional equivalent." Id. at 300-301. The phrase "functional equivalent" was explained as including "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." (Footnotes omitted.) Id. at 301. The Court noted that "[t]he latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police." Id. The Court concluded that "since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." (Emphasis in original.) Id. at 301-302. In citing police practices that did not involve express questioning but which may amount to interrogation, the Court listed the use of lineups where a coached witness picks the suspect as the perpetrator; the so-called "reverse lineup" where the suspect is identified by a coached witness as the perpetrator of a fictitious crime, and the use of psychological ploys such as positing the guilt of the suspect as a fact; and minimizing the moral seriousness of the offense or casting blame for the offense on the victim or society. Id. at 299; *Miranda*, 384 U. S. at 450-453.

Under these standards, the evidence shows that Kennedy's statement was not made in response to interrogation by express questioning from the officer, and we find under the facts of this case that the officer's actions in picking up and examining the cocaine were not the functional equivalent of express questioning under *Rhode Island v. Innis*. We find nothing in the officer's actions which amounted to the type of tricks or psychological ploys cited as interrogation techniques in *Rhode Island* or which otherwise indicated this was a practice designed to elicit an incriminating response. Kennedy simply observed the officer pick up and examine the evidence. These were not actions which the officer should have known were reasonably likely to elicit an incriminating response. Accordingly, we conclude that this was not interrogation, that the statement was volunteered by Kennedy, and that the trial court properly admitted the statement even though Kennedy had not received *Miranda* warnings. See *State v. Gibson*, 422 NW2d 570 (Neb. 1988); *United States v. Suggs*, 755 F2d 1538, 1541-1542 (11th Cir. 1985).

3. There is no merit to Kennedy's claim that the mere mention that he has been in jail placed his character into issue. *Taylor v. State*, 272 Ga. 559, 561 (532 SE2d 395) (2000).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 3, 2000 —

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.

*Peter J. Skandalakis*, District Attorney, *Julianne W. Holliday*, Assistant District Attorney, for appellee.