## A01A1673. BIGBY v. THE STATE.
### (552 SE2d 129)

PHIPPS, Judge.

Argentric Bigby appeals his conviction of possession of cocaine. He challenges the legality of his arrest and the admissibility of a statement he made while in police custody. Finding the arrest legal and the statement admissible, we affirm.

The State's evidence showed that on the evening of September 1, 1998, DeKalb County police officers were walking through an apartment complex known for a high degree of drug activity. Bigby and several others were standing in a breezeway. The officers detected a strong odor of marijuana coming from the group. Upon seeing the officers, they fled, and a foot chase ensued. Bigby ran into an apartment, and a woman inside began to scream. When the officers demanded entrance into the apartment, a woman opened the door. She wore no clothing and was screaming for the officers to "get him out." Inside the apartment the officers discovered Bigby standing next to a bathroom door. One of the officers handcuffed him, patted him down, and found a bag of cocaine in his pocket. As another officer entered the bathroom, Bigby spontaneously stated that the contents of his pocket belonged to him but that the contraband in the toilet did not. The officer found suspected cocaine and marijuana in the toilet.

1. Bigby first contends that his arrest was unsupported by probable cause. We disagree. The trained officers' detection of the odor of marijuana, together with Bigby's flight into the apartment, provided

probable cause for his arrest.[1]

2. Bigby next contends that his inculpatory statement to police was inadmissible because it was not preceded by a *Miranda* warning. There is no merit in this contention. Because Bigby's statement was not obtained through interrogation but was volunteered by him, *Miranda* warnings were not required.[2]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 11, 2001.

*Maurice G. Kenner, Vincent C. Crawford*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[1] See *Patman v. State*, 244 Ga. App. 833 (537 SE2d 118) (2000); *State v. Smalls*, 203 Ga. App. 283, 286 (2) (416 SE2d 531) (1992).

[2] *Kennedy v. State*, 246 Ga. App. 236, 237 (2) (540 SE2d 229) (2000).