## A02A0962. MOORE v. THE STATE.
(571 SE2d 810)

MILLER, Judge.

Following a jury trial, Jonathan Moore was convicted of possession of cocaine with intent to distribute. On appeal he contends that the trial court erred by (1) failing to grant him a directed verdict of acquittal, (2) excusing an allegedly biased juror for cause, and (3) allowing lab report evidence to go out with the jury during deliberations. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that a police officer was patrolling an area of Atlanta to investigate possible drug activity. The officer saw Moore speaking to two other people and approached them from behind. The officer observed Moore showing the two people some small bags of what the officer suspected was cocaine. When Moore turned around and saw the officer approaching, he tossed to the ground 15 small bags of what the officer believed to be crack cocaine. The officer arrested Moore and recovered the 15 bags of suspected crack cocaine that Moore had dropped. The substance in one of the bags was later tested and determined to be cocaine.

When the State asked during voir dire whether any of the potential jurors had been the victim of a crime, juror no. 33 responded that she had been the victim of discrimination at the hands of the police. Juror no. 33 also indicated that her experience with the police had been so negative that she would have difficulty being an impartial juror at trial. Even when defense counsel attempted to rehabilitate the juror through follow-up questions, juror no. 33 indicated that, although she could follow the judge's instructions, she held a "serious bias" against police officers. The State moved to strike this juror for cause, and the court excused her. Although defense counsel argued that the juror should not be excused, he raised no objection to the court's ruling to exclude the juror, and even affirmed to the court that he was satisfied with the method through which the final jury had been selected.

In addition to the arresting officer testifying at trial regarding the events surrounding Moore's arrest, the officer who transported the seized drugs to the crime lab testified regarding his experience in making hundreds of drug arrests during his career with the police department. This officer also testified as to his experience in buying drugs in an undercover capacity and his familiarity with the street value of a bag of drugs packaged in the manner that the drugs obtained from Moore were packaged. In addition, the officer testified that, in his experience, drug transactions often take place with a pair or team of individuals conducting the sale, and that it is not unusual

for a person who is arrested for possessing drugs with intent to distribute them to not be carrying a large amount of cash.

The lab report indicating that one of the seized bags contained cocaine was admitted at trial. The lab report went to the jury room during deliberations, and defense counsel stated affirmatively that he had no objection to the report going out with the jury.

Moore moved for a directed verdict, which was denied. The jury found Moore guilty of possession of cocaine with intent to distribute, and Moore now appeals.

1. Moore contends that the trial court erred in denying his motion for a directed verdict of acquittal, because there was insufficient evidence to show that he had any intent to distribute any cocaine that he allegedly possessed. We disagree.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"To support a conviction for possession of cocaine with intent to distribute, the State is required to prove more than mere possession." (Citations and punctuation omitted.) *Sims v. State*, 213 Ga. App. 151, 153 (3) (444 SE2d 121) (1994). Intent can be inferred where the evidence establishes that the manner in which the cocaine was packaged is commonly associated with the sale or distribution of the contraband. Id. Here, based on the officer's testimony, the amount and the packaging of the cocaine were consistent with an intent to distribute. Also, these circumstances were consistent with the manner in which drug sales involving multiple parties were conducted. Viewed in the light most favorable to the jury's verdict, the evidence was sufficient to sustain the conviction. Id.

2. Moore argues that the trial court erred by excusing juror no. 33 for cause. However, Moore did not object to the trial court's ruling that the juror should be excused at the time that the ruling was made (and in fact agreed with the selection process), and has therefore presented nothing for this court to review. See *Blankenship v. State*, 258 Ga. 43-44 (2) (365 SE2d 265) (1988); see also *Cheeks v. State*, 234 Ga. App. 446, 448 (2) (507 SE2d 204) (1998).

3. Moore also stated that he had no objection to the lab report evidence going out with the jury, thereby waiving any error relating

to this issue on appeal. See *Smart v. State*, 253 Ga. App. 649, 654-655 (8) (560 SE2d 92) (2002).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 23, 2002.

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr., District Attorney, Amira S. AbuBakr, Assistant District Attorney*, for appellee.