## A03A0439. HOWARD v. THE STATE.
(585 SE2d 164)

MILLER, Judge.

Jerome Howard appeals his conviction for possession of cocaine with intent to distribute. On appeal he asserts several enumerations of error dealing with, among other things, sufficiency of the evidence, ineffective assistance of counsel, and alleged improper sentencing. Having reviewed each enumeration carefully, we discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Howard was standing next to a car at night in a neighborhood known for high drug activity. A uniformed police officer on patrol with his partner approached Howard in response to information that they had received from their supervisor about suspected drug activity. When the officer told Howard that he wanted to talk to him, Howard fled.

The officers chased Howard, and one of them saw Howard throw something on the ground as he fled. The officers subdued Howard and within moments after apprehending him found two bags of suspected crack cocaine in the area where Howard had thrown something. A portion of the substance was later tested and determined to be crack cocaine. An officer with extensive experience in drug cases and undercover purchases of crack cocaine later testified at trial that the amount of drugs recovered was more likely for distribution than for personal use.

Prior to trial, the State served Howard's counsel with notice of its intention to introduce Howard's prior felony convictions in aggravation of any sentence that he would receive if convicted. The original notice sent to Howard's counsel had a copy of Howard's criminal record attached to it. On the date of trial, the State provided counsel with an amended notice raising convictions that were not stated on the original notice. Howard's counsel received this amended notice before the case was called.

Following a hearing, the State introduced evidence of similar transactions at trial. Both incidents were from 1993 and involved

Howard selling crack cocaine to undercover police officers in the same neighborhood where he ran from officers in this case.

During jury deliberations, a juror informed the court that someone had contacted him from prison, asking him about his deliberations on the case. The juror did not know who the caller was, refused to discuss any aspect of the case with him, and hung up the phone. The juror also informed the court that he did not discuss this phone call with any of the other jurors, and that it would not affect his deliberations. When the court questioned the remaining jurors as to whether any of them had any discussions about the case outside of jury deliberations, all of them indicated that they had not.

The jury found Howard guilty of possession of cocaine with intent to distribute, and following the denial of his motion for new trial, Howard appeals.

1. Howard contends that the evidence presented at trial was insufficient to sustain his conviction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here the evidence revealed that Howard was standing near a car at night in an area known for high drug activity, and that Howard fled when police attempted to speak with him. Howard threw something as he fled from police, and the thrown items turned out to be crack cocaine. An experienced police officer properly testified that the amount of crack recovered was more likely for distribution than for personal use. See *Kimbrough v. State*, 215 Ga. App. 303-304 (1) (450 SE2d 457) (1994). The jury was free to disbelieve Howard's testimony indicating that he never possessed any crack the night that he ran from the police. The evidence sufficed to sustain the conviction for possession of cocaine with intent to distribute. See, e.g., *Moore v. State*, 257 Ga. App. 157, 158 (1) (571 SE2d 810) (2002).

2. Howard argues in his second enumeration that the trial court erred in denying his motion to suppress evidence of the crack cocaine that was recovered in the area where he threw something while he fled from police. We disagree.

As it is undisputed that Howard was fleeing from police when he threw the items that turned out to be crack cocaine, he was not "seized" at the time that he threw the items that he now seeks to suppress. *Smith v. State*, 217 Ga. App. 680 (2) (458 SE2d 704) (1995). "[E]ven if we assume that [Howard] ultimately was illegally seized

and detained after being chased, that would not serve as a basis to suppress the cocaine at issue, since the contraband was discarded before the seizure effectively occurred." Id., citing *California v. Hodari D.*, 499 U. S. 621, 629 (111 SC 1547, 113 LE2d 690) (1991).

3. In his third enumeration, Howard contends that the trial court erred in admitting evidence of his two prior drug convictions as similar transactions. He does not argue that the prior crimes were admitted for an improper purpose, but that the crimes were not similar enough to the crime at issue to be admissible. We find this argument to be without merit.

Evidence of similar drug crimes is admissible to show a defendant's bent of mind or course of conduct. See *Gay v. State*, 233 Ga. App. 738, 740 (3) (505 SE2d 29) (1998). A judge's decision to admit such transactions will not be disturbed on appeal absent an abuse of discretion. Id. The incidents in question need not be identical for the similar transaction to be admissible. We do not simply test for the number of similarities, because similar transaction evidence may be admitted if it is substantially relevant for some purpose other than to show a likelihood that the defendant committed the crime on trial because he is a person of criminal character. *Nesbitt v. State*, 215 Ga. App. 271, 272 (1) (450 SE2d 310) (1994).

Here, both of the prior incidents took place in the same residential neighborhood as the crime at issue. In addition, both incidents involved the sale of crack cocaine. As appellant indicated that he had nothing to do with the crack cocaine involved here, the similar transactions were relevant to his bent of mind and course of conduct. We find no abuse of discretion from the trial court admitting these prior crimes as similar transactions. See *Nesbitt*, 215 Ga. App. at 272 (1).

4. Howard urges that the State failed to prove that the improper contact with a juror by someone from prison caused no harm to Howard. We disagree.

While it is true that there is a presumption of prejudice to a defendant when an irregularity in the conduct of a juror is shown and the prosecution has the burden to prove beyond a reasonable doubt that no harm has occurred, "[w]here a juror's unauthorized contact with another does not involve discussion about the merits of the case, such an irregularity will not necessarily require a new trial." (Citation omitted.) *Henry v. State*, 265 Ga. 732, 738 (7) (a) (462 SE2d 737) (1995).

It is undisputed that the juror at issue did not discuss the case with the individual who called his home and in fact hung up on this individual. The juror immediately brought the contact to the attention of the court, did not discuss it with any of the other jurors, and informed the court that the call would in no way affect his deliberations. The court even questioned the remaining jurors to ensure that

no inappropriate discussions had taken place. Where, as here, "the substance of the communication [was] established without contradiction, the facts themselves . . . establish[ed] the lack of prejudice or harm to the defendant." (Citation and punctuation omitted.) *Henry*, 265 Ga. at 738-739 (7) (a).

5. In two enumerations, Howard argues that the trial court erred in considering certain prior convictions in aggravation of Howard's sentence that were not timely served and sentencing Howard as a repeat offender. However, Howard's arguments are belied by the record, which shows that Howard's counsel was timely served with the prior convictions used in aggravation of Howard's sentence prior to trial. See *Wainwright v. State*, 208 Ga. App. 777, 780 (2) (b) (432 SE2d 555) (1993); OCGA § 17-10-2 (a). The trial court properly considered these timely served prior convictions when sentencing Howard. See OCGA § 17-10-7 (c).

6. In his three remaining enumerations, Howard contends that his trial counsel was ineffective for (a) failing to object to the introduction of the State's crack cocaine evidence, because only a portion of the suspected substance in one of the bags was tested and the substance in the other bag was not tested, (b) deciding to proceed with trial under the erroneous presumption that Howard would not be sentenced as a recidivist due to an alleged error in the State's notice regarding convictions to be used in aggravation of Howard's sentence, and (c) failing to object or move for a mistrial based on the improper juror contact with a possible prison inmate.

To prove ineffective assistance, Howard was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Howard did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) Howard's first claim of ineffective assistance is without merit, because even if his trial counsel had objected on the basis that he suggests, such an objection would have been futile. The fact that only a portion of a suspected substance here was tested to show that it was crack went to the *weight* of the evidence in question and not its admissibility. See *Dorsey v. State*, 187 Ga. App. 725, 729 (5) (371 SE2d 207) (1988); see also *King v. State*, 259 Ga. App. 589, 591 (2) (578 SE2d 176) (2003) ("Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance.") (citation and punctuation omitted). Thus, the trial court did not clearly err in con-

cluding that Howard failed to prove ineffectiveness of his trial counsel.

(b) The trial court did not clearly err in concluding that Howard's counsel provided effective assistance, as "counsel's failure to apprise [Howard] of the consequences of being a repeat offender does not constitute ineffective assistance of counsel." (Footnote omitted.) *Abernathy v. State*, 252 Ga. App. 635, 638 (5) (e) (556 SE2d 859) (2001).

(c) As explained in Division 4, supra, the juror contact in this case resulted in no harm to Howard. Since Howard cannot show prejudice based on his counsel's actions, the trial court did not clearly err in concluding that Howard has failed to show ineffective assistance here.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JULY 8, 2003.

*David T. Wooten*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.