## A04A0784. SINGLETON v. THE STATE.
(598 SE2d 80)

JOHNSON, Presiding Judge.

A jury found Phillip Singleton guilty of possession of cocaine with intent to distribute. Singleton appeals, alleging the evidence was insufficient to support the jury's verdict, the trial court erred in refusing to grant Singleton's motion for a continuance, the trial court erred in ruling that Singleton's extra-judicial statements were admissible, and his counsel was ineffective in failing to object to the admission of his extra-judicial statements. We find no error and affirm Singleton's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in that light, the evidence shows that officers drove to a motel to execute a search warrant on room 38. Singleton stood in the doorway of room 38. When officers identified themselves, Singleton turned and ran into the room. Officers chased him as he ran directly to the bathroom. Officers observed Singleton throw something into

---

[13] (Citations omitted.) *Ortiz v. State,* 222 Ga. App. 432, 434 (4) (474 SE2d 300) (1996).

[14] *Moses v. State,* 270 Ga. 127, 129 (2) (508 SE2d 661) (1998).

[1] *Cockrell v. State,* 248 Ga. App. 359 (1) (545 SE2d 600) (2001).

[2] *Odett v. State,* 273 Ga. 353-354 (1) (541 SE2d 29) (2001).

[3] *Parnell v. State,* 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

the toilet and flush it. One of the officers grabbed the object, a plastic bag containing several pieces of crack cocaine, from the toilet before it flushed. Simultaneously, another officer grabbed Singleton and subdued him on the bathroom floor. While the officer restrained Singleton on the floor, Singleton declared, "You don't have anything on me." But when the officer held up the plastic bag he had retrieved from the toilet, Singleton responded, "You got me." The officers also discovered cocaine on the bathroom floor and more cocaine in a white bottle on the counter next to the sink. In addition, they found several "baggies" or cut off sandwich bags.

Singleton was arrested and transported to the Glynn County Public Safety Complex. He waived his *Miranda*[4] rights and was interviewed. During the interview, Singleton admitted possessing the cocaine. He also informed investigators that, on an average day, he generated $40 from drug sales and that the amount of cocaine with which he had been arrested could be sold for $120. The videotape of this interview was played for the jury at trial.

At trial, Singleton denied selling cocaine and blamed his girl-friend for the cocaine in the apartment. He also testified that he said "you got me" because an officer had a gun in his face.

Despite Singleton's testimony at trial, the evidence was sufficient for a rational trier of fact to find Singleton guilty beyond a reasonable doubt of possession of cocaine with intent to distribute.[5] Not only does the videotaped interview with Singleton support the jury's verdict, but an investigator testified that, based on his experience, the amount of cocaine discovered, as well as the packaging of the cocaine, was indicative of selling cocaine.

The issue of intent is peculiarly a question of fact for determination by the jury.[6] Moreover, the credibility of the witnesses, as well as the lack of drug paraphernalia and the lack of large amounts of money, are issues to be considered and resolved by the jury, not this Court.[7] We find sufficient evidence to support the jury's verdict. The jury was not required to accept Singleton's version of the facts.

2. Singleton contends that the statements made by him while he was on the bathroom floor should not have been admitted into evidence because he was under arrest at the time he made the statements, but had not received his *Miranda* warnings. We disagree.

---

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Moore v. State*, 257 Ga. App. 157, 158 (1) (571 SE2d 810) (2002).

[6] *Bussey v. State*, 263 Ga. App. 56, 59 (1) (b) (587 SE2d 134) (2003).

[7] See *Henderson v. State*, 184 Ga. App. 834, 835-836 (2) (363 SE2d 52) (1987).

While Singleton was clearly in custody at the time he made the incriminating statements, we find no reversible error in their admission.

We have no difficulty with the first statement in which Singleton responded to being placed in custody by stating, "You don't have anything on me." First of all, this statement is not incriminating. Moreover, since this statement was not given in response to a question posed by police, it does not come within the definition of custodial interrogation in *Miranda*, and therefore it was admissible.[8]

After Singleton made the first statement, the officer who had rescued the cocaine from the flushing toilet showed the drugs to Singleton and said, "I got what you tried to flush." Singleton then responded, "You got me." We find no error in the admission of this statement. While there are circumstances where the conduct or statement of an officer may amount to an interrogation, this is not one of them. Here, the record clearly shows that Singleton attempted to flee from officers and dispose of the drugs in his possession. The officer's statement and actions upon retrieving the cocaine from the flushing toilet did not constitute an interrogation. We find nothing in the officer's statement or actions which amounted to the type of tricks or psychological ploys normally cited as interrogation techniques or which otherwise indicated this was a practice designed to elicit an incriminating response.[9] The officer's statement and actions did not call for any response, and we find under the facts of this case that the officer's statement and actions were not the functional equivalent of express questioning. Singleton's statement was volunteered, and the trial court properly admitted the statement even though Singleton had not received *Miranda* warnings.

Moreover, even if Singleton's second statement was the result of interrogation by the police, we find no harmful error in its admission. Because of the overwhelming evidence of Singleton's guilt, including Singleton's admissions in his subsequent videotaped interview, we find it highly probable that even if admitting the statement was error, the error did not contribute to the judgment, and the error, if any, was harmless beyond a reasonable doubt.[10]

3. Singleton argues his trial counsel was ineffective for failing to object to the admission of the second statement addressed in Division 2. To prevail on a claim of ineffective assistance of trial counsel, a defendant must show both that counsel's performance was deficient

---

[8] See *Metheny v. State*, 197 Ga. App. 882, 884 (1) (b) (400 SE2d 25) (1990).

[9] See *Kennedy v. State*, 246 Ga. App. 236 (540 SE2d 229) (2000). ·

[10] See *Cummings v. State*, 242 Ga. App. 657, 658 (1) (530 SE2d 782) (2000); *Metheny*, supra at 886-887 (1) (d).

and that the deficient performance prejudiced his defense.[11] The defendant must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different.[12]

Here, even assuming that Singleton's trial counsel provided deficient performance by failing to object to the admissibility of the statement at trial, Singleton failed to prove the prejudice prong of his ineffectiveness claim.[13] Based on our holding that any error in the admission of Singleton's statement on the bathroom floor was harmless, it follows that trial counsel's failure to object to the admission of the statement did not constitute deficient performance that prejudiced Singleton's defense.[14]

4. Singleton contends the trial court should have granted his motion for a continuance based on the absence of a witness. The record shows that Singleton subpoenaed his girlfriend as a witness on his behalf. She was present at trial and awaiting her turn to testify during the morning session, but failed to return to the courthouse after lunch. Singleton moved for a continuance based upon the absence of this witness, and the trial court denied the motion. We find no error.

OCGA § 17-8-25 mandates that to obtain a continuance because of an absent witness, the movant must show that (1) the witness is absent, (2) the witness has been subpoenaed, (3) the witness does not reside more than 100 miles from the place of trial, (4) the witness' testimony is material, (5) the witness is not absent by permission of the movant, (6) the movant expects he will be able to procure the witness' testimony by the next term of the court, and (7) the motion for continuance is not being made for the purpose of delay. The movant must also state the facts expected to be proved by the absent witness.[15] It is well settled that the grant or denial of a motion for continuance is within the sound discretion of the trial court and will not be disturbed without showing an abuse of that discretion.[16]

Here, the record shows that Singleton failed to meet the requirement for a continuance as set out in OCGA § 17-8-25. Singleton did document that his witness had been subpoenaed and was absent. However, he did not establish that the witness lived within 100 miles

---

[11] *Allen v. State*, 272 Ga. 513, 516 (6) (530 SE2d 186) (2000).

[12] Id.

[13] See *Rickman v. State*, 277 Ga. 277, 281 (3) (587 SE2d 596) (2003).

[14] *Woods v. State*, 275 Ga. 844, 850 (4) (573 SE2d 394) (2002); *Allen,* supra at 516 (6) (a).

[15] OCGA § 17-8-25.

[16] OCGA § 17-8-22.

of the court or that he would be able to procure the witness' testimony by the next term of court. In fact, Singleton's attorney admitted that the witness had been difficult to locate and that she had only been served with the subpoena that morning. We cannot say that the trial court abused its discretion in denying the motion for continuance.[17]

5. In a two-paragraph argument, Singleton contends the trial court erred in denying his motion in arrest of judgment because he was brought to trial on an accusation even though he did not have a commitment hearing as required by OCGA § 17-7-70.1 (a.1). However, the record shows that a commitment hearing was set, that the state was ready to proceed, but that the commitment hearing was expressly waived by Singleton's counsel.

OCGA § 17-7-70.1 (a.1) specifically states that violations of OCGA § 16-13-30, with which Singleton was charged, may be tried by accusation instead of grand jury indictment whenever the accused "has waived either expressly or by operation of law" the right to a commitment hearing.[18] In the present case, the record shows that Singleton's attorney expressly waived the right to a commitment hearing. Singleton is bound by the express waiver of his counsel, thus authorizing his trial on the accusation.[19] The trial court did not err in denying his motion in arrest of judgment.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 6, 2004.

*Patrick C. Kaufman*, for appellant.
*Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney*, for appellee.

---

[17] See *Choat v. State*, 246 Ga. App. 475, 476 (1) (540 SE2d 289) (2000); *Hunter v. State*, 237 Ga. App. 803, 805-806 (2) (517 SE2d 534) (1999).
[18] OCGA § 17-7-70.1 (a.1); *McNair v. State*, 240 Ga. App. 324-325 (1) (523 SE2d 392) (1999).
[19] See *Bostick v. Ricketts*, 236 Ga. 304, 306 (1) (223 SE2d 686) (1976).
[1] OCGA § 16-5-21.