## A12A0126. TAYLOR v. THE STATE.
(727 SE2d 274)

McFADDEN, Judge.

Tyrone Taylor appeals from his felony conviction for theft by shoplifting, claiming that he was improperly tried on an accusation, rather than an indictment, without having waived his right to a commitment hearing. But the record shows that he did waive such a hearing, and we therefore affirm.

> OCGA § 17-7-70.1 (a) provide[s], inter alia, that in felony cases involving theft by shoplifting, in which defendants . . . *have expressly waived a commitment hearing*, the district attorney shall have authority to prefer accusations, and the defendant shall be tried on such accusations according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury.

(Emphasis supplied.) *Lynn v. State*, 236 Ga. App. 600, 601 (1) (512 SE2d 695) (1999).

In the instant case, the district attorney filed a felony accusation, alleging that Taylor had committed theft by shoplifting two pairs of jeans from a department store and notifying him that he was subject to punishment for a felony because he had six prior convictions for theft by shoplifting. See OCGA § 16-8-14 (b) (1) (C). Taylor now argues that it was improper for him to have been tried on that accusation because he did not expressly waive a preliminary commitment hearing. However, both testimony from Taylor's attorney and documentary evidence admitted at the motion for new trial hearing show that the attorney initially requested a preliminary hearing and a hearing date was set; that the attorney then discussed waiving the preliminary hearing with Taylor because she had already viewed the state's discovery and believed it was to their advantage not to hold the hearing; that Taylor gave the attorney permission to waive the preliminary hearing; and that she then notified the district attorney that the hearing was unnecessary.

In conflict with the foregoing evidence, Taylor points to his own testimony at the motion for new trial hearing that he did not consent to his attorney waiving the preliminary hearing. However, "[a]s the factfinder at that hearing, the trial court was authorized to believe trial counsel over [Taylor]." (Citation omitted.) *Carroll v. State*, 252 Ga. App. 142, 147 (4) (a) (555 SE2d 807) (2001). Since evidence in "the record shows that [Taylor's] attorney expressly waived the right to a commitment hearing [with Taylor's permission, he] is bound by the

express waiver of his counsel, thus authorizing his trial on the accusation." (Citation omitted.) *Singleton v. State*, 266 Ga. App. 795, 799 (5) (598 SE2d 80) (2004). Accordingly, the trial court did not err in denying his motion for a new trial.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED APRIL 19, 2012.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*David McDade, District Attorney, James A. Dooley, Emily K. Richardson, Assistant District Attorneys*, for appellee.