# Court of Appeals
# of the State of Georgia

ATLANTA,  November 15, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0724. JEROME HOWARD v. THE STATE.**

In 1999, Jerome Howard was convicted of possession of cocaine with intent to distribute and sentenced as a recidivist to serve thirty years in confinement and an additional ten years on probation. This Court affirmed his conviction. *Howard v. State*, 262 Ga. App. 198 (585 SE2d 164) (2003). In 2015, Howard filed a motion to correct a void judgment, asserting that the State failed to prove his prior convictions, which he alleges are actually the convictions of a different person with a similar name. The trial court denied the motion, and Howard filed this direct appeal. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

To the extent that Howard seeks to challenge his sentence, a direct appeal may lie from an order denying a motion correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, 286 Ga. at 217 (1), n. 1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Howard, however, does not assert that his sentence

exceeds the most severe punishment authorized. Rather, he challenges the sufficiency of the evidence of his prior convictions. This does not constitute a colorable void-sentence claim. See id. at 572-573 (2) (holding that a claim that the State failed to prove the existence of a prior conviction by admissible evidence does not present a claim that an ensuing enhanced sentence is void).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta, __11/15/2017__*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*